UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MOTCHANA SRISURO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  4:05CV71 FRB |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This cause of action originally came before the Court on January 19, 2005, on plaintiff's appeal from an adverse decision of the Social Security Administration.  With consent of the parties, the undersigned United States Magistrate Judge exercised jurisdiction over the cause pursuant to 28 U.S.C. § 636(c).  On March 21, 2005, upon defendant's request, the matter was remanded to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) for further administrative proceedings.  The matter before this Court was closed that same date.

Defendant Commissioner has now filed a "Notice to the Court and Motion to Dismiss" (filed Oct. 15, 2007/Docket Nos. 8, 9) requesting that the instant case be dismissed inasmuch as the proceedings on remand have been completed. Defendant avers in his motion that "[o]n March 27, 2007, Plaintiff requested that this case be dismissed because she was granted benefits on a subsequent

claim[.]"[1]  However, because there is no action presently pending before this Court upon which a final adjudication can be rendered, defendant's Motion to Dismiss should be denied.

In a social security appeal which has been remanded to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g), the district court retains jurisdiction over the cause pending completion of administrative proceedings on remand.  Under § 405(g), however, the district court is not authorized to enter a final disposition until the Commissioner files with the court any additional and/or modified findings of fact and decision upon remand, and a transcript of the additional record upon which such findings and decision are based.  See 42 U.S.C. § 405(g); see also Shalala v. Schaefer, 509 U.S. 292, 297 (1993); Jackson v. Chater, 99 F.3d 1086, 1095 (11th Cir. 1996); Easterwood v. Barnhart, 338 F. Supp. 2d 1245 (D. Kan. 2004).  Cf. Hoa Hong Van v. Barnhart, 483 F.3d 600 (9th Cir. 2007) (entry of final judgment for plaintiff after sentence-six remand only upon Commissioner's filing of the transcript of the supplemental administrative proceedings).  No such matters have been presented to this Court, nor has there been a request to reopen the instant case to permit their filing.  As such, the matter remains closed before this Court and there is no action to dismiss.

---

[1]Defendant cites to "Tr. 316" to support this averment. Inasmuch as there is no transcript or any other evidentiary document before the Court, the undersigned is uncertain to what record defendant is referring.

Because there is no action presently pending before this Court upon which a final adjudication can be rendered,

**IT IS HEREBY ORDERED** that defendant's Motion to Dismiss (Docket Nos. 8, 9) is denied.

_____
UNITED STATES MAGISTRATE JUDGE

Dated this  _3rd_  day of December, 2007.